UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO:

| | |
|---|---|
| TRICIA THOMAS on behalf of herself and all other employees similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DAVITA, INC. | ) |
| Defendant | ) ) |
| _____ | ) |

*Nature of the Claim*

## *Complaint*

### Nature of the Claim

1.  This is a proceeding for injunctive relief and monetary damages to redress the deprivation of rights secured to the Plaintiff, Tricia Thomas, a registered nurse at the DaVita, Inc. kidney dialysis facility located in Boston, Massachusetts, as well as all other employees similarly situated and employed in Massachusetts ("Class Members") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

### Jurisdiction

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as to Counts II and IV.

### Facts

3.  Tricia Thomas is an individual that resides in Boston, Massachusetts and is a registered nurse.

4.  The class consists of current and former employees of DaVita, Inc. ("DaVita" or "Defendant") who were not credited with their non-reduced weekly wages and correct overtime compensation.

5.  DaVita is a Delaware corporation with an address of 1551 Wewatta Street, Denver, Colorado.

### *Statement of the Facts*

6.  The claims arising in this case are properly maintainable as a class action under the Federal Rules of Civil Procedure Rule 23(b).

7.  The class consists of current and former employees of Defendant who were not credited with their non-reduced weekly wages and correct overtime compensation.

8.  The class size is believed to be over one thousand employees.

9.  The Plaintiff will adequately represent the interests of the Class Members because she is similarly situated to the Class Members and her claims are typical of, and concurrent to, the claims of other Class Members.

10. There are no known conflicts between the Plaintiff and the other Class Members.

11. The class counsel, David Summer, is qualified and able to litigate the Plaintiff's and Class Members' claims.

12. The class counsel practices in employment litigation, including actions arising under federal wage and hour laws.

13. DaVita runs a kidney dialysis clinic located at 660 Harrison Avenue, Boston, MA ("Boston Facility") and other kidney dialysis clinics around the Commonwealth.

14. DaVita provides dialysis services and employs numerous individuals, including registered nurses, nurses, and nursing assistants.

15. Pursuant to DaVita's meal break deduction policy, the Defendant automatically deducts one half-hour from employees' paychecks each day for a meal break even though DaVita fails to ensure that employees were relieved from duty for a meal break.  Employees did in fact perform work during those breaks and were not paid for that time.

16. At the Boston Facility, employees are "punched-out" on the time clock by other DaVita employees and management even if they do not take their lunch and are performing other tasks.

17. The DaVita maintains the meal deduction policy throughout its facilities.

18. The Plaintiff and Class Members often perform compensable work for the Defendant during their meal breaks.

19. Although the Defendant's policy deducts 30 minutes of pay each shift, the Defendant does expect the Plaintiff and Class Members to be available throughout their shifts and consistently require its employees to work during unpaid meal breaks.

20. DaVita does know that the Plaintiff and Class Members perform work during their meal breaks.

21. For example, when performing dialysis, the Plaintiff is unable to leave the patient alone and unsupervised in order to take her break.  Further, the Plaintiff is required to prepare paperwork and is not given time during regular working hours to prepare said paperwork.

22. Even though the Defendant knows its employees are performing work during their meal breaks, it fails to compensate them for such work.

23. Employees of the Defendant are entitled to compensation for all time they performed work for the Defendant during their meal breaks.

24. The Defendant also requires employees to spend time working before and after their work shift for which they are not compensated.

25. The Defendants practice is to be deliberately indifferent to these violations of the statutory wage and hour law.

**26.** This failure to pay its employees for the full time that they work is willful.

**COUNT I**

**<u>Fair Labor Standards Act</u>**

27. The Plaintiff and Class Members reallege the above paragraphs 1 through 26, inclusive, as if fully restated herein.

28. The Defendant willfully violated its obligations under the FLSA and is liable to the Plaintiff and Class Members for its failure to pay the Plaintiff and Class Members for time they worked during lunch and overtime.

29. As a direct result, the Plaintiff and the Class Members have suffered monetary damages.

## COUNT II

### Violation of M.G.L. c. 149

30. The Plaintiff and Class Members reallege the above paragraphs 1 through 29, inclusive, as if fully restated herein.

31. This is a cause of action by the Plaintiff and Class Members against the Defendant for unpaid overtime unpaid wages pursuant to Massachusetts General Laws, chapter 151, § 1A.

32. The Defendant failed to pay Plaintiff and the Class Members overtime wages and for periods worked during lunch periods.

33. As a direct result, the Plaintiff and the Class Members have suffered monetary damages.

## COUNT III

### Violation of 29 C.F.R. § 516

34. The Plaintiff and Class Members reallege the above paragraphs 1 through 33, inclusive, as if fully restated herein.

35. This is a cause of action against the Company for failure to maintain proper records in violation of 29 C.F.R. § 516.

36. Employers are required to track the hours worked of all non-exempt employees for 3 years.

37. The Company failed to document properly the hours worked by Plaintiff and the Class Members.

38. These records must be kept by companies for 3 years.

39. Employers' failure to comply with 29 C.F.R. § 516 has directly and/or indirectly caused Plaintiff and Class Members to suffer damages.

## COUNT IV

### Violation of M.G.L. c. 151 § 15

40. The Plaintiff and Class Members reallege the above paragraphs 1 through 39, inclusive, as if fully restated herein.

41. This is a cause of action against the Company for failure to maintain proper records in violation of Massachusetts General Laws, Chapter 151, § 15.

42. The Company failed to document properly the hours Plaintiff worked from the date she commenced employment until April 2009.

43. These records must be kept by companies for 3 years.

44. Employers' failure to comply with MGL c. 151, § 15 has directly and/or indirectly caused the Plaintiff and Class Members to suffer damages.

***The Plaintiff demands a jury trial on all triable issues***.

WHEREFORE, Plaintiff and Class Members pray for the following relief:

1.   An order that preliminarily and permanently restrains the Defendant form engaging in the aforementioned pay violations;

2.   An award of the value of the Plaintiff's and Class Members' unpaid wages, including fringe benefits;

3.   Award the Plaintiff's and Class Members' damages for Counts I and II of this Complaint in an amount equal to the sum of the amount of wages and overtime which are properly paid to the Plaintiff and Class Members;

4.   Enter an award of treble damages, reasonable attorney's fees, costs and interest against the Defendant for its willful violation of the Massachusetts' Wage & Hour Act, M.G.L. c. 149, §§ 148 and 150; c. 151 § 1A and the Fair Labor Standards Act;

5.   Award the Plaintiff and Class Members damages for Counts III and IV of this Complaint;

6.   An award of pre-judgment and post-judgment interest; and

7.   Plaintiff and the Class Members request such other orders and further relief as the Court deems appropriate, according to justice and equity.

Respectfully submitted,
Plaintiffs by their attorney,


/s/ David B. Summer
David Summer, Esq. (BBO 634514)
david@summerlaw.com
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050


Respectfully submitted,
Plaintiffs by their attorney,


/s/ Dmitry Lev
Dmitry Lev, Esq. (BBO 665236)
dlev@levlaw.net
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 556-9990

Dated:  5/10/2011