IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRICIA THOMAS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVITA, INC.,<br><br>Defendant. | CIVIL ACTION<br>No. 1:11-cv-10830 |

### JOINT MOTION TO APPROVE RESOLUTION AND DISMISS

Plaintiff Tricia Thomas and Defendant DaVita, Inc. ("DaVita"), the only parties who have appeared in this case, request that the Court approve the resolution of Plaintiff's individual claims in this action and dismiss this action with prejudice with respect to Plaintiff and without prejudice with respect to the putative classes alleged in the operative Amended Complaint. The parties state as follows in support of their motion:

1.  Plaintiff Tricia Thomas ("Thomas" or "Plaintiff") filed her Complaint on May 10, 2011 alleging violations of the Massachusetts Wage laws and the Fair Labor Standards Act ("FLSA"), and thereafter amended the Complaint in response to this Court's granting DaVita's motion to dismiss federal and state recordkeeping claims. Plaintiff alleges, in particular, that she has not been paid for time worked during meal breaks and while "off the clock" during the course of her employment at DaVita from September 2009 to June 2012.

2.  Although DaVita denies liability, the parties have agreed to resolve this matter now rather than engage in protracted litigation. The parties have entered into a confidential settlement agreement and general release (the "Settlement Agreement").

SF1 1870174v.2

3. In particular, although Ms. Thomas filed her Complaint and thereafter the Amended Complaint as a collective action under the FLSA, 29 U.S.C. § 216(b), no notice of this lawsuit has ever been given to any other persons and no other current or former DaVita employees have ever joined as plaintiffs in this action. In addition, to the extent Plaintiff alleged a Rule 23 class for purported violations of the Massachusetts Wage laws, no class was ever certified. The Parties have reached a mutually satisfactory settlement of Ms. Thomas's claims in this case and have entered into a Confidential Settlement Agreement that does not purport to adjudicate or affect the rights or interests of any persons other than Plaintiff.

4. After a thorough review and analysis of the facts pertaining to Plaintiff's allegations, the parties reached the conclusion that class treatment was not appropriate due to the particular facts of this case. The parties reached this conclusion after a thorough review and analysis of the facts pertaining to Plaintiff. Additionally, the parties acknowledge that more than sixty current DaVita employees attested that they were properly compensated by DaVita and have not been required to work during meal breaks without proper compensation.

5. In addition, after a thorough review of all of DaVita's pay policies and practices in its clinics throughout the Commonwealth of Massachusetts, and a review of the facts and circumstances of Plaintiff's employment, and a review of the class allegations set forth in the Amended Complaint, plaintiff and her counsel, reached the conclusion that class treatment was not appropriate in this action.

6. When an employee brings a private action against her employer or former employer for back wages under the FLSA and the parties present to the district court a proposed settlement, the district court may enter an order approving the settlement as a fair and reasonable resolution of a bona fide dispute over wages under the FLSA. *Lynn's Food Stores v. United*

*States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982); see also *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Rosser v. RTC Resource Acquisition Corp.*, No. 1:09-cv-0792, 2010 U.S. Dist. LEXIS 6842 (S.D. Ind. Jan. 26, 2010); *Keith v. Rensch*, No. 59 C 1294, 1960 U.S. Dist. LEXIS 3886 (N.D. Ill. May 31, 1960).

7. Following a thorough review of the working hours claimed by Plaintiff, the policies of DaVita with respect to timekeeping, and Plaintiff's pay and time records, in order to conserve the Court's resources, as well as their own, and in light of the fact that all parties agree that class treatment is not warranted in this instance, the parties engaged in settlement negotiations.

8. Those negotiations resulted in an amicable resolution of Plaintiff's claims against DaVita under which, as a compromise and despite the fact that it disputes both liability and the amount of damages claimed by Plaintiff, DaVita has agreed to pay a multiple of back wages that Plaintiff claims she is owed. Plaintiff and her counsel agree that said payment fully satisfies any and all amounts claimed by Plaintiff under the FLSA, including for actual and liquidated damages and attorneys' fees and costs. The parties agree that the settlement resolves all claims asserted by Plaintiff in this case and, subject to Court approval, will resolve this dispute in its entirety.

9. The parties seek Court approval of this resolution because the parties' Settlement Agreement includes, among other things, the release of claims under the FLSA. FLSA claims may not be waived purely by private agreement. Instead, a valid waiver can be accomplished by Court approval of the resolution, specifically with a finding that a resolution is fair, reasonable, and adequate. *E.g.*, *Schulte v. Gangi*, 328 U.S. 108 (1946); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties submit that, based on their thorough

SF1 1870174v.2

review and analysis of the law, the overtime hours and meal break hours claimed by Plaintiff, the policies of DaVita with respect to timekeeping, and Plaintiff's time and pay records, the settlement reached in this matter represents a fair compromise and therefore request that the Court approve this resolution and find it fair, reasonable, and adequate.

## MEMORANDUM OF LAW

### A. Standard of Review.

Judicial review and approval of the FLSA claims included in this settlement is necessary to give it final and binding effect. *E.g.*, *Schulte v. Gangi*, 328 U.S. 108 (1946); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them ... The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's Food Stores, Inc.* at 1352-53.

Before approving an FLSA settlement, the Court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether the settlement is fair and reasonable, courts consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the probability of plaintiff's success on the merits;
>
> (5) the range of possible recovery; and
>
> (6) the opinions of the counsel.

*See, Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); courts are also mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

**B.  All of the Relevant Criteria Support Approval of the Settlement.**

In cases where both parties are represented by counsel, as is the case here, and the amount to be paid to the plaintiff seems fair, the courts do not generally find fraud or collusion. *See Helms v. Central Fla. Reg. Hasp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party is independently represented by counsel. Counsels for all parties possess extensive experience in litigating claims under the FLSA, including claims for unpaid overtime and unpaid meal breaks. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, and the positions of the parties with regard to the facts and law, it is clear that there was no fraud or collusion here.[1]

---

[1] The parties have not attached a copy of the Settlement Agreement to this Motion because it contains terms and conditions that are subject to the agreement's confidentiality provision. Accordingly, should the Court wish to review the terms of the settlement agreement in order to determine whether the settlement is fair and reasonable, the parties respectfully request that the Court do so *in camera*.

Second, the complexity, expense, and length of future litigation render settlement beneficial for all parties. Thomas and DaVita continue to disagree with regard to the merits of the claims Plaintiff asserts she is entitled to compensation and DaVita contends Plaintiff was paid for all hours worked; there is dispute about the number of hours worked, whether Plaintiff worked off the clock at all, and whether she missed any meal breaks at all, among other things. However, the parties recognize that litigation of the claims and defenses would be extremely costly, and would result in protracted litigation. Thus the parties have agreed to a settlement, that all parties and their counsel agree represents a reasonable amount of time allegedly worked as claimed by Plaintiff, and Plaintiff and her counsel and in fact all parties agree that this resolution is far preferable then engaging in protracted and lengthy litigation with its attendant costs and burdens. This settlement is a reasonable means for all parties to minimize future risks and litigation costs and settle this bona fide dispute without impacting the rights of any other individuals.

Third, Plaintiff's probability of success on the merits and the amount she might be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. The range of possible recovery by Plaintiff is also open to dispute. Even if Plaintiff was to succeed on the merits of her claims, which would require substantial additional time and exercise of resources by both parties, the amount of her recovery is uncertain and DaVita disputes the amount of uncompensated hours claimed by Plaintiff.

Fourth, the parties have exchanged and analyzed sufficient information to allow them to arrive at a fair and reasonable compromise. In negotiating the instant settlement, the parties analyzed Plaintiff's time and pay records for the period in question. Based on their analysis of that information, coupled with counsel's analysis of the applicable law relating to compensation

under state and federal law, the parties were able to arrive at a mutually agreeable compromise that counsel for both parties agree is fair, reasonable, and adequate under the circumstances and in light of Plaintiff's potential recovery in this case and which represents the full amount of back pay claimed by Plaintiff in this lawsuit but not liquidated damages, penalties, or interest.

WHEREFORE, Plaintiff and Defendant request that the Court approve the resolution of Plaintiff's claims, including Plaintiff's FLSA claims, and dismiss this action with prejudice, each side to bear its own attorney's fees and costs except as agreed upon by the parties.

Dated: June __, 2012

s/Wendy M. Lazerson
Wendy Lazerson
Sidley Austin LLP
Attorneys Defendant, DaVita, Inc.
*Admitted Pro Hac Vice*
1001 Page Mill Road
Menlo Park, California 94303
(650) 565-7065
wlazerson@sidley.com

Dated: June __, 2012

s/ David Summer
David Summer
Law Office of David Summer
Attorneys for Plaintiff Tricia Thomas

Law Offices of Dmitry Lev

By: _____
Dmitry Lev
Attorney for Plaintiff, Tricia Thomas

Dated: June __, 2012

Law Offices of Alan Myerson

By: _____
Alan Myerson
Attorney for Plaintiff, Tricia Thomas

SF1 1870174v.2